J-S16032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GIANNA MARIE ROSE, :
:
Appellant : No. 2059 EDA 2019

Appeal from the Judgment of Sentence Entered June 13, 2019
in the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000390-2018,
CP-52-CR-0000401-2018, CP-52-CR-0000402-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 07, 2020**

Gianna Marie Rose ("Rose") appeals from the judgment of sentence imposed following her negotiated guilty plea to criminal conspiracy and drug delivery resulting in death at Pike County docket number 390-2018 ("390-2018"), and delivery of a controlled substance at Pike County docket numbers 401-2018 ("401-2018") and 402-2018 ("402-2018").[1] Additionally, Rose's counsel, Lindsey Collins, Esquire ("Attorney Collins"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant Attorney Collins's Petition to Withdraw and affirm Rose's judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 903(a)(1), 2506(a); 35 P.S. § 780-113(a)(30).

On April 18, 2019, Rose entered a guilty plea to the above-mentioned offenses. On June 13, 2019, the trial court sentenced Rose, at 390-2018, to 66 months to 12 years in prison for the charge of criminal conspiracy and a consecutive term of 78 months to 13 years in prison for the charge of drug delivery resulting in death; and at 401-2018 and 402-2018, to 6 to 12 months in prison at each, to be served concurrently with each other and the charges at 390-2018. Rose did not file any post-sentence motions. Rose filed timely Notices of Appeal, one at each docket number, and with all three docket numbers listed on each. Rose additionally filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On August 9, 2019, this Court issued a Rule to Show Cause why Rose's appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)). **See also Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2019) (quashing an appeal, pursuant to **Walker**, where the appellant filed a notice of appeal at each docket number, but each notice of appeal contained multiple docket numbers). Attorney Collins did not file a response. On August 21, 2019, Attorney Collins filed a "Petition for Leave of Court to Amend the Notice of Appeal and Submit *Nunc Pro Tunc*." On October 4, 2019, this Court entered an Order informing the parties that

disposition of the **Walker** issue and Attorney Collins's Petition would be deferred to the merits panel.

Subsequently, this Court granted *en banc* review of two cases to address the issue presented by **Walker** and **Creese**; *i.e.*, whether the inclusion of multiple docket numbers on a notice of appeal violates **Walker** and Pa.R.A.P. 341. **See Commonwealth v. Johnson**, 2020 PA Super 164, at *4 (Pa. Super. filed July 9, 2020) (*en banc*); **Commonwealth v. Larkin**, 2020 PA Super 163, at *3 (Pa. Super. filed July 9, 2020) (*en banc*). On July 9, 2020, this Court in **Johnson** and **Larkin** held that where separate notices of appeal are filed at each docket number, the inclusion of multiple docket numbers on each notice of appeal does not invalidate the notices of appeal, thereby overruling **Creese**, and declined to quash the appeals. **See Johnson**, 2020 PA Super 164, at *12; **Larkin**, 2020 PA Super 163, at *3.

Instantly, Rose filed three notices of appeal, one at each docket, and each of which contained all three docket numbers. Pursuant to **Johnson** and **Larkin**, we conclude that Rose has complied with **Walker** and Pa.R.A.P. 341.

Before addressing Rose's claim on appeal, we must determine whether Attorney Collins has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."

*Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In the instant case, our review of the **Anders** Brief and the Petition to Withdraw reveals that Attorney Collins has substantially complied with each of the requirements of **Anders**/**Santiago**. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Collins indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Collins's **Anders** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, Attorney Collins provided Rose with a copy of the **Anders** Brief, and advised her of her rights to proceed *pro se*, retain new counsel, or raise any additional points deemed worthy of the Court's attention. Thus, Attorney Collins has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Rose's appeal is, in fact, wholly frivolous.

Attorney Collins presents the following issue, on behalf of Rose, for our review: "Whether the trial court erred in imposing an excessive sentence when sentencing [Rose] at the highest range of the sentencing guidelines on the charges of drug delivery resulting in death and criminal conspiracy to

commit drug delivery resulting in death?" **Anders** Brief at 7 (capitalization omitted).

This issue challenges the discretionary aspects of Rose's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

Rose, via Attorney Collins, filed a timely Notice of Appeal. However, Rose failed to preserve her claim in a post-sentence motion. **See Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa. Super. 2018) (stating that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot

be raised for the first time on appeal.").[2]  Moreover, we are unable to review Rose's claim, because Rose has failed to request with the trial court, and include in the certified record, the transcript for Rose's sentencing hearing. *See Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (stating that "it is an appellant's duty to ensure that the certified record is complete for purposes of review. … [F]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." (citation and quotation marks omitted)). Accordingly, Rose's claim is waived.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal.  *See Dempster*, *supra*. We therefore grant Attorney Kelly's Petition, and affirm Rose's judgment of sentence.

Petition to Withdraw granted.  Petition for Leave of Court to Amend the Notice of Appeal denied as moot.  Judgment of sentence affirmed.

---

[2] We note that Attorney Collins also did not include a Rule 2119(f) statement within the *Anders* brief.  *See Grays*, *supra*.  Nevertheless, we decline to waive Rose's claim on this ground because the Commonwealth has not objected to this deficiency.  *See Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018) (declining to waive an appellant's claim for failure to include a Rule 2119(f) statement where the Commonwealth did not object).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/20